CHARLES MARUZZELLA et al., Plaintiffs, v. METRO ASSOCIATED SERVICES, INC., Defendant.

Supreme Court, Special Term, New York County, January 13, 1949.

*Irving D. Lipkowitz* and *Claude L. Gonnet* for plaintiffs.

*William N. Tobin* for defendant.

STEUER, J. The action, brought by a former tenant, is under section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.) to recover damages against a purchaser who has obtained possession of the premises under the claim that he desires them for his own use.

Defendant has pleaded several affirmative defenses, two of which plaintiffs attack for insufficiency. The first of these pleads a release. It appears that defendant brought an action to eject plaintiffs from the premises. In the course of the trial of that action a stipulation was entered into allowing plaintiffs to continue in occupancy for eight months at no increase in rent. The stipulation further provided that each party would release the other. The release is carefully worded, and other

things being equal, would be sufficient to cover the relief asked for in this action. Plaintiffs, however, contend that pursuant to the act "Any waiver of any of the provisions of this act shall be unenforceable and void " (§ 12), and that to give effect to the release would be to permit a waiver.

In the first place, it is extremely doubtful whether the quoted words refer to the cause of action provided for in section 8 of the statute. It appears more probable that what was referred to were the protective features of the act, rather than the compensatory ones. It is patent, for instance, that if a dispossessed tenant wished to waive this provision, no one could compel him to start a suit. Of course, if this stipulation were a device to avoid the statute, it might be argued that it should not be countenanced. But, even so, it would remain a question of fact whether it was such a subterfuge and the pleading would be proper to raise that issue.

The other questioned defense sets out that after quitting the premises the plaintiffs successively bought several buildings in which to house their business, but received such profitable offers for them that in turn they sold these buildings to their great profit. This is pleaded in mitigation of damages. But this is entirely extraneous. It does not flow from, nor is it a consequence, direct or indirect, of the eviction. It is no more a plea in reduction than would be a claim that plaintiffs found new quarters in a healthier neighborhood and that their lives were thereby prolonged. A fortuitous circumstance following an act is not a consequence of that act. The defense is stricken.

Motion granted as to fifth separate defense. Otherwise denied.